FRANCISCA TORRES-ARCHILLA, Plaintiff and Appellant, v. FRANCISCO ARCHILLA-PIÑEIRO, Defendant and Appellee.

No. 3871. Argued December 22, 1926.—Decided May 18, 1927.

Félix Ochoteco, Jr., and Luis E. Dubón for the appellant. R. Martínez Alvarez and J. Pedro Miranda for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Francisca Torres Archilla brought an action for divorce against her husband, Francisco Archilla Piñeiro, on the only ground that her husband had been sentenced to five years in the penitentiary for the crime of mayhem, which he was already serving.

The defendant, through a guardian appointed for that purpose by the court, alleged that the complaint did not set forth sufficient facts to show a cause of action. The court sustained the demurrer and considering that the complaint could not be amended, dismissed it, from which decision the plaintiff took this appeal.

The only question to consider and decide is the determination of the scope of subdivision 2 of section 164 of the Civil Code which reads as follows:

"Section 164. The causes for divorce are as follows:

\*       \*       \*       \*       \*       \*       \*

"2. Conviction of one of (the) parties to the marriage of a felony, which may involve the loss of civil rights."

It is evident that the husband was sentenced on a conviction of felony. The question to be decided is as to whether or not the conviction "carried with it the loss of civil rights."

Section 20 of the Penal Code provides that:

"A sentence of imprisonment in the penitentiary for any term less than for life suspends all the civil rights of the person so sentenced, . . ."

The sentence given to the defendant may be called imprisonment for a certain number of years. Therefore, it carries with it the suspension of all civil rights.

Is the suspension equivalent to loss?

According to the dictionaries "loss" means "lack, deprivation of that which one had." "Suspension" is therein defined as "the action and effect of suspending," one of the meanings of suspending being "to detain or stop for a time."

Such being the case, we must admit that the suspension involves a temporal loss and as the law makes no distinction between temporal or permanent loss, it must be concluded that it referred to any kind of loss.

We are led to that conclusion by the history of the legal precept which we are construing. Section 164 of our Civil Code is the equivalent of section 105 of the old code. Among the grounds for divorce which formerly produced only "the suspension of life in common of the parties" was that of subdivision 6 of section 105 which contained the following words: "The sentence of the party for life." If the intention of the legislator had been to impose the total loss of the civil rights he would have kept the words of the old code which so clearly expressed the idea. As he did not do so, it must be concluded that it was his intention to give the ground a different scope.

Most probably the Porto Rican legislator who followed the American trend of thought when it fundamentally reformed the divorce, widening its scope up to the "complete severing of the matrimonial relationship," followed it also when fixing the ground therefore, and it is a fact that "by the statutes of many of the states, conviction of felony or infamous crime, or imprisonment for a certain number of years in a state prison or penitentiary, is ground for divorce; and the right thus given is not affected by an executive pardon granted after the sentence has been imposed." 19 C. J. 42.

From the foregoing reasons the judgment appealed from is reversed and the case remanded for further proceedings not inconsistent with this opinion.